IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PATRICIA SALVATO, M.D. | § | Civil Action No. 2:18-cv-00721 |
| | § | |
| Plaintiff | § | Judge _____ |
| | § | |
| v. | § | |
| | § | Magistrate Judge _____ |
| BOYD RACING, L.L.C. | § | |
| D/B/A DELTA DOWNS | § | |
| RACETRACK-CASINO-HOTEL | § | Jury Trial Demanded |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff **Patricia Salvato, M.D.** (also referred to herein as "Salvato") files this Original Complaint against Defendants **Boyd Racing, L.L.C. d/b/a Delta Downs Racetrack Casino and Hotel** and **Boyd Gaming Corporation** and alleges as follows.

### SUMMARY OF THE CASE

1. On or about June 17, 2017, Patricia Salvato was a patron and guest at Delta Downs, located in or near Vinton, Calcasieu Parish, Louisiana. Those premises were owned, operated, controlled and maintained by one or both Defendants herein. While there, Salvato suffered severe, serious, permanent and life-altering injuries when she fell, such fall occurring due to the negligent, reckless and tortious acts and omissions of Defendants and its' agents, employees, servants and representatives.

### PARTIES

2. Plaintiff **Patricia Salvato** is a resident and citizen of the State of Texas.

1

3.1     Defendant **Boyd Racing, L.L.C. d/b/a Delta Downs Racetrack Casino and Hotel** is believed to be a Louisiana Limited Liability Company and may be served with process herein by serving its agent for service of process, Diane S. Mitnik, 3811 Williams Blvd., Kenner, Jefferson Parish, Louisiana.

3.2     Defendant **Boyd Gaming Corporation** is believed to be a Louisiana Limited Liability Company and may be served with process herein by serving its agent for service of process, Diane S. Mitnik, 3811 Williams Blvd., Kenner, Jefferson Parish, Louisiana.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this suit under 28 U.S.C § 1332. There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

5.      Venue is proper in this district under 28 U.S.C § 1391(b). The events giving rise to the claim occurred in the district. The injuries suffered occurred at Delta Downs Racetrack-Casino-Hotel in Vinton, Calcasieu Parish, Louisiana (also referred to herein as "Delta Downs").

## FACTS

6.      On or about June 17, 2017, Salvato was a patron and guest at Delta Downs. Delta Downs is a racetrack, casino and hotel that offers, encourages and entices guests such as Salvato to visit that property, those efforts designed and intended to secure, make and maximize the revenue, income and profits of Defendants.

7.      On the evening of June 17, 2017, Salvato was walking through the gaming area within Delta Downs.

8.      While walking about the grounds, Salvato was tripped or knocked down by an employee working at and for Delta Downs --resulting in Salvato's fall and violent impact with the ground.

9.      During the fall, Salvato's head, arm, shoulder and body struck the ground.

10. As a result, Salvato also suffered serious injuries to her head, wrist, knee, shoulder, eye and body generally.

11. The employee involved in this incident was an employee, agent, servant or representative of one or both of defendants. At all times material, said employee was controlled by, and subject to the right of control by, one or both of defendants.

## COUNT ONE – NEGLIGENCE

12. Paragraphs 1-11 are adopted by reference.

13. Defendants' employee was negligent in multiple ways, including (but not limited to) the following:

    a. Failing to exercise or keep a proper lookout for the safety and well-being of patrons and guests such as Salvato moving through the property;

    b. In being distracted during the performance of his job duties for or on behalf of Defendants;

    c. Failing to monitor or take heed of the persons and circumstances surround him while on the floor of Defendants' property;

    d. In making or causing a movement at a time or under circumstances when such was not safe;

    e. In failing to follow the accepted and appropriate standards of care for the performance of his job duties as set forth or accepted within his job and the industry; and

    f. In failing to follow the rules and regulations for the performance of his job duties as set forth by Defendants;

These acts and omissions, among others, constitute negligence and were a legal, producing and proximate cause of Salvato's injuries, damages and losses.

14.   At the time of said incident, said employee's relationship with Defendants was such as to make Defendants vicariously liable for said employee's conduct and, as a result, vicariously liable for Salvato's injuries, damages and losses.

15.   Defendants, by and through its' own negligent, reckless and wrongful conduct, is directly liable for Salvato's injuries, damages and losses. Such negligence exists in multiple ways, including (but not limited to) the following:

   a. Hiring of the involved employee;

   b. Failing to properly train the involved employee;

   c. Failing to properly monitor or supervise the involved employee;

   d. Failing to have in place appropriate rules and regulations for the involved employee's job duties and performance;

These acts and omissions, among others, constitute negligence and were a legal, producing and proximate cause of Salvato's injuries, damages and losses.

## **REQUEST FOR RELIEF**

16.   Because of Defendants' negligence, Salvato has suffered the following injuries, damages and losses:

   a. Reasonable medical and other health-care related costs expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of injuries resulting from the accident complained of herein, and such charges were reasonable and were usual and customary charges for such services;

   b. Reasonable and necessary medical and other health-care related costs and expenses which will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

    d.      Physical pain and suffering in the future;

    e.      Physical impairment in the past;

    f.      Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.      Loss or impairment of earnings/earning capacity in the past;

    h.      Loss or impairment of earnings/earning capacity which will, in all reasonable probability, be incurred in the future;

    i.      Disfigurement in the past;

    j.      Disfigurement which will, in all reasonable probability, be incurred in the future;

    k.      Mental anguish and emotional distress in the past;

    l.      Mental anguish and emotional distress which will, in all reasonable probability, be incurred in the future;

    m.      Loss of enjoyment of life in the past;

    n.      Loss of enjoyment of life which will, in all reasonable probability, be incurred in the future; and

    o.      Grant such further relief as the court deems necessary and proper in public interest.

Each of the above-stated elements occurred and were legally caused by the negligence of Defendants.

## **JURY DEMAND**

17.    In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff asserts her right under the Seventh Amendment of the United States Constitution and requests a trial by jury on all issues triable to a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against said Defendants for all damages, in a total sum that is well in excess of this Court's minimum jurisdictional requirements, together with both pre-judgment and post-judgment interest, at the legal rate thereon, for costs of court, for punitive and/or exemplary damages, and for such other and further relief, special and general, at law or in equity, to which Plaintiff may show herself justly entitled to receive.

Respectfully submitted,

By: */s/ Matthew P. Keating*
Chad E. Mudd (#25188)
cmudd@mbklaw.net
David P. Bruchhaus (#24326)
dbruchhaus@mbklaw.net
M. Keith Prudhomme (#14336)
kprudhomme@mbklaw.net
Matthew P. Keating (#30911)
mkeating@mbklaw.net
Mudd Bruchhaus & Keating, LLC
410 E. College Street
Lake Charles, Louisiana 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391

**ATTORNEYS FOR PLAINTIFF**