IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PATRICIA SALVATO, M.D. | § | Civil Action No. 2:18-cv-00721 |
| | § | |
| Plaintiff | § | Judge Robert R. Summerhays |
| | § | |
| v. | § | |
| | § | Magistrate Judge Kathleen Kay |
| BOYD RACING, L.L.C. | § | |
| D/B/A DELTA DOWNS | § | |
| RACETRACK-CASINO-HOTEL | § | Jury Trial Demanded |
| | § | |
| Defendant | § | |

**RULE 26(f) REPORT**

TRIAL DATE: March 23, 2020

PRETRIAL CONFERENCE DATE: February 18, 2020

BENCH/JURY TRIAL: Jury

ESTIMATED LENGTH OF TRIAL BY DAYS: 3-4 days

1. **PARTICIPANTS**

The Rule 26 Conference of the Parties was held on February 27, 2019. The following attorneys participated in the conference:

a. Matthew P. Keating on behalf of Patricia Salvato, M.D. ("Petitioner")
b. Timothy D. DePaula on behalf of Boyd Racing, LLC d/b/a Delta Downs Racetrack, Casino & Hotel ("Delta Downs")

2. **AFFIRMATION REGARDING INITIAL DISCLOSURES**

The parties have already exchanged initial disclosures. A Scheduling Order has been issued. The parties confirm that the requirements of Fed. R. Civ. P. 26(a)(1) have been met.

3. **JURISDICTIONAL BASIS**

The jurisdictional basis for the claim is 28 U.S.C. § 1332.

## 4. BRIEF DESCRIPTION OF THE CLAIMS

**PETITIONER:**

On or about June 17, 2017, Patricia Salvato was a patron and guest at Delta Downs, located in or near Vinton, Calcasieu Parish, Louisiana. Those premises were owned, operated, controlled and maintained by defendant Delta Downs. While there, Salvato suffered severe, serious, permanent and life-altering injuries when she fell, such fall occurring due to the negligent, reckless and tortious acts and omissions of Defendants and its' agents, employees, servants and representatives. On the evening of June 17, 2017, Salvato was walking through the gaming area within Delta Downs. While walking about the grounds, Salvato was tripped or knocked down by an employee working at and for Delta Downs --resulting in Salvato's fall and violent impact with the ground. During the fall, Salvato's head, arm, shoulder and body struck the ground. As a result, Salvato also suffered serious injuries to her head, wrist, knee, shoulder, eye and body generally. The employee involved in this incident was an employee, agent, servant or representative of Delta Downs. At all times material, said employee was controlled by, and subject to the right of control by Delta Downs.

Delta Downs' employee was negligent in the many ways, including but not limited to:

a. Failing to exercise or keep a proper lookout for the safety and well-being of patrons and guests such as Salvato moving through the property;
b. In being distracted during the performance of his job duties for or on behalf of Defendant;
c. Failing to monitor or take heed of the persons and circumstances surround him while on the floor of Defendant's property;
d. In making or causing a movement at a time or under circumstances when such was not safe;
e. In failing to follow the accepted and appropriate standards of care for the performance of his job duties as set forth or accepted within his job and the industry; and
f. In failing to follow the rules and regulations for the performance of his job duties as set forth by Defendant.

Delta Downs is vicariously liable for the acts and/or omissions of its employee as stated immediately herein above.

Delta Downs, by and through its own negligent, reckless and wrongful conduct, is directly liable for Salvato's injuries, damages and losses. Such negligence exists in multiple ways, including (but not limited to) the following:

a. Hiring of the involved employee;
b. Failing to properly train the involved employee;
c. Failing to properly monitor or supervise the involved employee; and
d. Failing to have in place appropriate rules and regulations for the involved employee's job duties and performance.

Because of Defendant's negligence, Salvato has suffered the following injuries, damages and losses:

a. Reasonable medical and other health-care related costs expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of injuries resulting from the accident complained of herein, and such charges were reasonable and were usual and customary charges for such services;
b. Reasonable and necessary medical and other health-care related costs and expenses which will, in all reasonable probability, be incurred in the future;
c. Physical pain and suffering in the past;
d. Physical pain and suffering in the future;
e. Physical impairment in the past;
f. Physical impairment which, in all reasonable probability, will be suffered in the future;
g. Loss or impairment of earnings/earning capacity in the past;
h. Loss or impairment of earnings/earning capacity which will, in all reasonable probability, be incurred in the future;
i. Disfigurement in the past;
j. Disfigurement which will, in all reasonable probability, be incurred in the future;
k. Mental anguish and emotional distress in the past;
l. Mental anguish and emotional distress which will, in all reasonable probability, be incurred in the future;
m. Loss of enjoyment of life in the past; and
n. Loss of enjoyment of life which will, in all reasonable probability, be incurred in the future.

**5. BRIEF STATEMENT OF RESPONSES**

**DELTA DOWNS:**

Delta Downs denies any liability to plaintiff for the injuries she allegedly sustained as a result of her fall at Delta Downs' casino. Rather, the incident occurred as a result of plaintiff's own negligence or the negligence or fault of others for whom Delta Downs is not responsible. Delta Downs specifically denies that it or its employees were negligent and/or that any negligence of Delta Downs or its employees was a cause of plaintiff's accident or alleged injuries.

Further, Delta Downs contends that the injuries sustained by plaintiff, if any, did not result in any permanent disability or impairment, and that plaintiff is, or should be, able to work and live as she did before her incident.

## 6. ANTICIPATED AMENDMENTS TO PLEADINGS AND MOTIONS

It is currently not anticipated that there will be any amendments to the parties' pleadings and no motions have been filed or are currently anticipated.

## 7. ANTICIPATED EXPERT WITNESSES

**PETITIONER:**

1. Jacqueline Hart, MR
   6300 Richmond
   Houston, Texas 77057
   (713) 961-7100
   Dr. Hart is one of Dr. Salvato's treating doctors and has knowledge of the injuries sustained as a result of the incident.

2. Marcos Masson, MD
   1200 Binz Street
   Houston, Texas 77004
   (713) 520-1210
   Dr. Masson is one of Dr. Salvato's treating doctors and has knowledge of the injuries sustained as a result of the incident.

3. Larry Pollock, Ph.D.
   1800 St. James Place, Suite 100
   Houston, Texas 77056
   (713) 797-6773
   Dr. Pollock is one of Dr. Salvato's treating doctors and has knowledge of the injuries sustained as a result of the incident.

4. Houston Medical Imaging
   3310 Richmond
   Houston, Texas 77098
   (713) 589-5231
   Houston Medical Imaging in a medical facility where Dr. Salvato had various radiographs and scans performed for her injuries resulting from the incident.

5. Chuck Duff, CPA
   2603 Augusta Drive
   Houston, Texas 77057
   (713) 780-1425
   Mr. Duff is Dr. Salvato and her medical practice's CPA.  He has knowledge of her earnings/earning capacity and her loss/impairment thereof as a result of the incident.

6. Amanda Guillory
   c/o Acadian Ambulance
   130 E. Kaliste Saloom Road
   Lafayette, Louisiana 70508
   (337) 291-3333
   This witness has been disclosed by Defendant as an EMT. Ms. Guillory may have been the individual that administered first aid to Dr. Salvato immediately following the incident.

Plaintiff reserves her right to amend or supplement these disclosures as discovery progresses and as other facts or circumstances may require.

**DELTA DOWNS:**

**1.** Dr. Kevin Bianchini
2901 North I-10 Service Road, East, Suite 300
Metairie, LA 70002

Independent Medical Examiner for plaintiff's alleged neurological and neuropsychological injuries.

**2.** John Theriot, CPA
Jonathan Stoltz, CPA
Malcolm M. Dienes, LLC
611 N. Causeway Blvd.
Metairie, LA 70001

Defense certified public accountant to rebut allegations of lost earnings.

**3.** Orthopedic Independent Medical Examiner to be named later

**4.** Amanda Guillory
c/o Acadian Ambulance
130 E. Kaliste Saloom Road
Lafayette, Louisiana 70508
(337) 291-3333

Emergency Medical Technician who examined Plaintiff following her fall.

Defendant reserves its right to amend or supplement these disclosures as discovery progresses and as the facts and circumstances may require.

**8. DISCOVERY PLAN**

The parties agree to follow all dates and deadlines as outlined in the Scheduling Order.

## 9. STIPULATIONS

**PETITIONER:**

None at this time.

**DELTA DOWNS:**

None at this time.

## 10. MAJOR ISSUES OF FACT AND LAW IN DISPUTE

The following facts are in dispute:

**PETITIONER:**

a. Whether or not Delta Downs' employee was negligent as described herein above, said negligence being attributable to Delta Downs by virtue of the doctrine of respondeat superior;
b. Whether Delta Downs was directly negligent as described herein above;
c. Nature and extent of plaintiff's injuries and disability; and
d. Plaintiff's damages.

**DELTA DOWNS:**

a. The cause, nature and extent of plaintiff's injuries, if any;

b. The amount of plaintiff's damages, if any;

c. Whether plaintiff has any residual disability that prevents or hinders her from working as a medical doctor, or at an alternative occupation earning wages comparable to, or exceeding, the wages she was earning at the time of her alleged accident'

d. Whether any action or inaction on the part of Delta Downs or any Delta Downs employee caused or contributed to plaintiff's accident or alleged injuries;

e. Whether any action or inaction on the part of plaintiff caused or contributed to her accident or alleged injuries;

f. Whether any action or inaction on the part of any third party caused or contributed to plaintiff's accident or alleged injuries;

g. Whether plaintiff has mitigated her damages.
h. All issues of fact inherent in the pleadings;

i. All issues of law inherent in the pleadings;

## 11. RELATED CASE INFORMATION

None.

## 12. ALTERNATIVE DISPUTE RESOLUTION

The parties have conferred and are in agreement to participate in alternative dispute resolution at the completion of discovery or shortly thereafter.

## 13. CONSENT TRIALS

The parties do not agree to try the matter before the magistrate judge.

## 14. ELECTRONIC COURTROOM

It is not anticipated that the parties will be required to admit a large number of documents at trial.

## 15. ELECTRONICALLY GENERATED EXHIBITS OR AIDS

Delta Downs anticipates using video of plaintiff's incident at trial.

## 16. HANDICAP PROVISIONS

No handicap provisions or accommodations will be necessary for the trial of this matter. However, should the need arise, then the Court will be advised in a timely fashion.

<u>The parties herby certify that the foregoing is accurate and complete.</u>

Respectfully submitted,

/s/ Matthew P. Keating_____
Chad E. Mudd (LA Bar #25188)
cmudd@mbklaw.net
David P. Bruchhaus (LA Bar #24326)
dbruchhaus@mbklaw.net
M. Keith Prudhomme (LA Bar #14336)
kprudhomme@mbklaw.net
Matthew P. Keating (LA Bar #30911)
mkeating@mbklaw.net
MUDD BRUCHHAUS & KEATING, LLC
410 E. College Street
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile (337) 562-2391

and

Paul F. "Chip" Ferguson, Jr.
(TX #06919200)
*Admitted pro hac vice*
cferguson@thefergusonlawfirm.com
FERGUSON LAW FIRM
350 Pine Street, Suite 1440
Beaumont, TX 77701
Telephone: (409) 832-9700
Facsimile: (409) 832-9708

**ATTORNEYS FOR PLAINTIFF PATRICIA SALVATO, M.D.**

-and –

MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS

 */s/ Timothy D. DePaula*
John H. Musser, V  (#22545)
jmusser@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
701 Poydras Street, Suite 400
New Orleans, LA 70139
Telephone: 504/523-0400

*Attorneys for defendant, Boyd Racing, LLC d/b/a Delta Downs Racetrack, Casino & Hotel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has this day been electronically served on all counsel of record by operation of the Court's CM/ECF filing system.

Lake Charles, Louisiana, this 28th day of February, 2019.

 */s/ Matthew P. Keating*
**MATTHEW P. KEATING**